# UNITED STATES BANKRUPTCY COURT FOR THE
# SOUTHERN DISTRICT OF ALABAMA

# CHAPTER 13 PLAN AND RELATED MOTIONS-AMENDED

IN RE: | Case No. **09-11543**

**Donald W. Soutullo** | Chapter 13

SSN: xxx-xx-2944 | SSN:

Date: **October 1, 2009**

**CREDITOR'S RIGHTS WILL BE AFFECTED BY THIS PLAN.** You should read this and other documents sent to you carefully and discuss them with your attorney.

**TO FILE AN OBJECTION TO CONFIRMATION.** Objections to Confirmation must be filed electronically at the Bankruptcy Court's website at www.alsb.uscourts.gov, or you may scan the documents into the ECF system at the courthouse. Objections to Confirmation must be filed by 12:00 p.m. (noon) two (2) days before the confirmation hearing. See local General Order Number 26, which can be found at www.alsb.uscourts.gov, and click "local rules".

**PROOFS OF CLAIM.** Proofs of claim must be filed electronically at the Bankruptcy Court's website at www.alsb.uscourts.gov, or you may scan the documents into the ECF system at the courthouse.

**THIS PLAN DOES NOT ALLOW CLAIMS.** Creditors must file a Proof of Claim to be paid.

1. **PAYMENT AND LENGTH OF PLAN**

Debtor(s) shall pay **149.00** per month to the Chapter 13 Trustee starting immediately for **6** months. Objections to the length of this Plan must be filed by 12:00 p.m. (noon) two (2) days before the confirmation hearing.

2. **PRECONFIRMATION ADEQUATE PROTECTION PAYMENTS AND PAYMENTS TO LESSORS**

The Debtor proposes that the Trustee make adequate protection payments, or payments to lessors prior to the confirmation of this Plan, pursuant to § 1326(a)(1) as follows:

| CREDITOR | COLLATERAL DESCRIPTION | AMOUNT OF MONTHLY PAYMENT |
|---|---|---|
| -NONE- | | |

The Trustee shall commence making such payments to creditors holding allowed claims secured by an interest in real and personal property or leases of real and personal property consistent with the Trustee's distribution process and only after the timely filing of a proof of claim by such creditor. In the event of a preconfirmation conversion and/or dismissal, all adequate protection payments received by the Trustee shall be distributed to creditors as so designated. The Trustee shall receive the percentage fee fixed under 28 U.S.C. § 586(e) on all adequate protection payments. Upon confirmation the treatment of such claims will be governed by Paragraph 7.

3. **DOMESTIC SUPPORT OBLIGATIONS**

The Debtor proposes that the Trustee make the following prepetition Domestic Support Obligations in full pursuant to §507(a)(1) unless the claimant agrees or the Court orders otherwise:

| CREDITOR | TOTAL ARREARAGE | AMOUNT AND FREQUENCY OF PAYMENT |
|---|---|---|
| -NONE- | | |

Local Form 1 (1-30-2007)

The debtor shall directly pay all Domestic Support Obligations that become due after filing of the petition.

**4. ATTORNEY'S FEES FOR DEBTOR(S)' BANKRUPTCY COUNSEL**

The following attorney's fees shall be paid by the Trustee pursuant to Amended Local General Order 17.

| DEBTOR'S COUNSEL | TOTAL FEE |
|---|---|
| Theodore L. Hall | 3000.00 |

**5. PRIORITY CLAIMS (EXCLUDING DOMESTIC SUPPORT OBLIGATIONS)**

The Debtor will pay all priority claims pursuant to §507 unless claimant expressly agrees.

| CLAIMANT | TYPE OF PRIORITY | SCHEDULED AMOUNT | MONTHLY PAYMENT |
|---|---|---|---|
| -NONE- | | | |

**6. PRIORITY CLAIMS SUBJECT TO SUBORDINATION**

Pursuant to §1322(a)(4), the following priority creditors shall not be paid in full:

| CREDITOR | REASON FOR SUBORDINATION | SCHEDULED AMOUNT |
|---|---|---|
| -NONE- | | |

**7. SECURED BY COLLATERAL**

Unless otherwise ordered by the Court, the Trustee shall treat the secured claim(s) listed in Section 7 on the terms and conditions set forth therein. Any portion of a secured claim that exceeds the amount(s) set forth in Section 7, shall be paid as a general unsecured claim pursuant to Section 9.

| CREDITOR | COLLATERAL DESCRIPTION | COLLATERAL VALUE | INTEREST RATE | §1325(a)(5) AMOUNT |
|---|---|---|---|---|
| | | | | |

Debtor shall pay all other allowed secured creditors in full.

**8. SURRENDERED PROPERTY**

Debtor surrenders the following collateral. Upon confirmation, the automatic stay (including the co-debtor stay) is lifted as to surrendered collateral. Any claim submitted by such creditor will receive no distribution under this Plan until an amended proof of claim is filed by such creditor, reflecting any deficiency balance remaining following surrender.

| CREDITOR | COLLATERAL DESCRIPTION |
|---|---|
| -NONE- | |

**9. UNSECURED CLAIMS**

Allowed non-priority unsecured claims shall be paid through the distribution of all available disposable income at a percentage to be determined by the Trustee for the number of months set forth in Section 1.

**10. CURING DEFAULTS AND MAINTAINING DIRECT PAYMENTS**

Debtor shall maintain the following monthly payments and pay them directly to creditor. Trustee shall pay the allowed claims for arrearages at 100% through this Plan unless otherwise noted in Paragraph 12(e).

| CREDITOR | COLLATERAL DESCRIPTION | DIRECT PAYMENT AMOUNT |
|---|---|---|

| CREDITOR | COLLATERAL DESCRIPTION | DIRECT PAYMENT AMOUNT |
|---|---|---|
| Citi Mortgage | 11085-A Catherine Creek | 564.00 |
| Homecoming Financial | 167 Tanner Chapel Rd | 929.00 |

## 11. EXECUTORY CONTRACTS AND UNEXPIRED LEASES

Debtor moves that the following executory contracts and/or leases be assumed.

| CREDITOR | COLLATERAL DESCRIPTION |
|---|---|
| -NONE- | |

## 12. OTHER PLAN PROVISIONS AND MOTIONS

**(a) Lien Retention**
Except as provided above in Paragraphs 7 and/or 10, allowed secured claim holders shall retain liens until liens are released or upon completion of all payments under this Plan.

**(b) Vesting of Property of the Estate**
Property of the Estate shall revest in the Debtor(s) upon discharge or dismissal of the case.

**(c) Direct Payment by Debtor**
Secured creditors and lessors to be paid directly by the Debtor(s) and/or Co-Debtors may continue to mail to Debtor(s) the customary monthly notices or coupons notwithstanding the automatic stay.

**(d) Exemption Limitations**
The Debtor(s)' exemptions in real and personal property are specifically limited to those allowed under applicable state and federal laws. To the extent that Debtor(s)' asset values exceed allowable exemption limits, the non-exempt portions shall be Property of the Estate and subject to distribution by the Trustee. The terms of this provision shall not be construed to limit or abrogate the rights of parties in interest to object to exemptions pursuant to the Bankruptcy Code, or in any way limit the Debtor(s)' rights regarding the postpetition equity accrual of assets.

**(e) Other Provisions of the Plan Not Elsewhere Described:**
**The debtor(s) reserve(s) the right to proceed during the post-confirmation period with any Adversary Proceeding, whether denominated a claim, counterclaim or cross claim, or other action against any of their creditors, for violation of the Truth in Lending Act or Claim for Wrongful Foreclosure and mismanagement of mortgage account against Citi Mortgage and others including other servicers and/or any other action which may be filed and that confirmation of this Plan will not prohibit the Debtor(s) from proceeding with said Adversary Proceeding(s) and/or any other action to its conclusion and will not be res judicata regarding any issues involved in said Adversary Proceeding and/or any other proceeding or estop or preclude any issues involved in said Adversary Proceeding or any other action from being raised, or have any binding effect on the outcome of said Adversary Proceeding(s). Debtor(s) offer any proceeds, over and above the exempted amount, from said Adversary Proceeding(s) into their Chapter 13 plan to the extent that the court does not order the same to be set off or recouped by virtue of an otherwise valid claim or judgment against the Debtor(s) by said defendants, respectively.**

| | |
|---|---|
| **/s/ Donald W. Soutullo** | **October 1, 2009** |
| DEBTOR'S SIGNATURE | DATE |

| | |
|---|---|
| **/s/ Earl P. Underwood, Jr.** | **October 1, 2009** |
| DEBTOR'S COUNSEL'S SIGNATURE | DATE |

Local Form 1 (1-30-2007)